**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: <br><br> **Vivian Woodbury** <br><br>    Debtor, <br><br> **REVERSE MORTGAGE SOLUTIONS, INC AS SERVICER FOR LIBERTY HOME EQUITY SOLUTIONS, INC. FKA GENWORTH FINANCIAL HOME EQUITY ACCESS, INC. ,** <br><br>    Movant, <br><br> v. <br><br> Vivian Woodbury, and <br><br> WILLIAM C. MILLER, Esq., Ch. 13 Trustee <br><br>    Respondents. | Bankruptcy No. 17-12803-amc <br><br> Chapter 13 |

**MOTION OF REVERSE MORTGAGE SOLUTIONS, INC AS SERVICER FOR LIBERTY HOME EQUITY SOLUTIONS, INC. FKA GENWORTH FINANCIAL HOME EQUITY ACCESS, INC.  FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT REVERSE MORTGAGE SOLUTIONS, INC AS SERVICER FOR LIBERTY HOME EQUITY SOLUTIONS, INC. FKA GENWORTH FINANCIAL HOME EQUITY ACCESS, INC.  TO FORECLOSE ON 6320 CHEROKEE STREET, PHILADELPHIA,PA 19144**

Secured Creditor, **REVERSE MORTGAGE SOLUTIONS, INC AS SERVICER FOR LIBERTY HOME EQUITY SOLUTIONS, INC. FKA GENWORTH FINANCIAL HOME EQUITY ACCESS, INC.**, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Vivian Woodbury, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on April 21, 2017.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On April 24, 2009, Vivian Woodbury executed and delivered a Promissory Note ("Note") and Reverse Mortgage ("Mortgage") securing payment of the Note in the amount of $150,000.00 to Genworth Financial Home Equity Access, Inc., formerly known as Liberty Reverse Mortgage. The Mortgage was recorded on May 11, 2009 in Document ID#52061871 of the Public Records of City of Philadelphia, PA. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The Mortgage provides Secured Creditor a lien on the real property located in City of Philadelphia, PA and legally described as stated in Composite Exhibit "A."
This property is located at the street address of: 6320 Cherokee Street, Phildelphia, PA 19144.

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since September 26, 2017 in the amount of $743.56. The terms and conditions of the Note and Mortgage are in default due to failure to perform an obligation under the Mortgage by not maintaining post-petition taxes and insurance.

6. Secured Creditor is due the following amount as of April 24, 2018:

| INSERT PAYOFF BREAKDOWN BY CATEGORY | INSERT AMOUNT OWED |
|---|---|
| Current UPB | $62,889.69 |
| Interest | $21,303.63 |
| MIP/PMI | $1,019.17 |
| Service Fee | $1,925.00 |
| Corporate Advacne | $15,249.05 |
| Total | $102,386.54 |

7. According to Debtor Schedule D, the value of the property is $129,384.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

**8.** Based upon the Debtor's Confirmed Amended Chapter 13 Plan (Docket No.24), the pro[pety is treated outside the plan and Secured Creditor not included within the plan.

9. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in

this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage.  Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

13. Once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

[SPACE INTENTIONALLY BLANK]

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 5.21.18

        Robertson, Anschutz & Schneid, PL
        6409 Congress Avenue, #100
        Boca Raton, FL 33487
           -and
        130 Clinton Road, Suite 202
        Fairfield, NJ 07004
        Tel: (561) 241-6901
        Fax: (561) 241 -1969

        By: /s/ Kevin Buttery
        Kevin Buttery, Esquire
        PA I.D. 319438
        kbuttery@rascrane.com